[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#127)
The plaintiff, the City of Stamford, filed a complaint dated March 1, 1993, seeking foreclosure of certain municipal tax liens against real property owned by Umberto Fusaro, Caroline Fusaro, and Carmine Fusaro (the Fusaros). The Fusaros filed an answer and a special defense. The plaintiff filed a motion to strike the special defense dated October 26, 1995. The Fusaros filed an objection to the motion to strike dated December 8, 1995.
The plaintiff moves to strike the defendant's special defense because the defense attacks acts of the plaintiff and/or its agents and fails to attack the Certificate of Tax Lien, and it does not arise out of the transaction which serves as the basis of the CT Page 1029 plaintiff's complaint.
"Only limited defenses to a foreclosure action are recognized under Connecticut law. . . . Connecticut has recognized the following defenses: Payment, Discharge, Release or Satisfaction. . ." (Internal citations omitted.) City of Stamford v. Daddona, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 127293 (November 4, 1994, Hickey, J.). Furthermore, this court has previously held that a defendant's special defenses must address the making, validity, or enforcement of the lien being foreclosed." Federal National Mortgage v. Wang, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995, Curran, S.T.R.). "The valid defenses to the foreclosure of a municipal tax lien, however, are narrower than the defenses available in a foreclosure of a mortgage." Town ofSeymour v. A.W. Beard Cons Corp. , Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 037602 (November 15, 1995, Curran, J.).
The special defense alleges that the defendants and the plaintiff reached an informal payment agreement, the defendants paid the monthly installments believing that the payments would be applied to taxes due, they attempted to pay the January 1994 tax installment which the plaintiff refused, defendants did not agree to nor understand that the payments would be used to pay attorney's fees, and they were applied to attorney's fees which were excessive. The special defense appears to assert that the defendants have attempted to pay the city, and have succeeded in part, but were not able to fully pay the city through no fault of their own. While the special defense asserts claims based on a separate agreement, the agreement appears to have been structured to satisfy the debt, which the defendants allege has occurred in part.
The plaintiff also argues that pursuant to Practice Book § 116, the special defense must arise out of the transaction which is the subject to the suit. Practice Book § 116 governs counterclaims and cross claims, not special defenses. Special defenses are governed by Practice Book § 164, "[f]acts which are consistent with [plaintiff's statement of facts] but show, notwithstanding, that he has no cause of action, must be specially alleged." The court finds that the Fusaros' special defense alleges that while there is a tax lien, the Fusaros have an agreement with the city to pay it, they have partially paid it off, and the city has prevented them from paying the balance. CT Page 1030
Accordingly, the plaintiff's to strike denied.
HICKEY, J.